UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTH ANDERSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VETERANS AFFAIRS ADMINISTRATION, et al.,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-05389-TL<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JULY 7, 2025 |

　　　　On May 19, 2025, Plaintiff Ruth Anderson filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. 1.) On May 19, 2025, this Court ordered Plaintiff to either show cause why her IFP application should not be denied or to file an amended application by June 6, 2025. (Dkt. 4.) The Court explained that Plaintiff's IFP application omitted information necessary to determine her ability to pay court fees and costs, specifically (1) her total amount of net monthly salary; (2) her spouse's total amount of net monthly salary; (3) the amount of cash she has and funds in her checking and savings account; (4) whether either she or her spouse owns or has any interest in any real estate, stocks, bonds, notes, retirement plans, automobiles or other valuable property, and if so, what the approximate value of those assets are; (5) whether any persons are dependent on her or her spouse; and (5) the monthly expenses she incurs, such has housing, transportation, utilities, or loan payments. *Id.* To date, Plaintiff has not filed a response to the Order to show cause.

REPORT AND RECOMMENDATION - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends Plaintiff's IFP application (Dkt. 1) be DENIED and Plaintiff be directed to pay the $405.00 filing fee within 30 days of the date this Report and Recommendation is adopted. If no filing fee is paid, the Clerk should be directed to close the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **July 7, 2025**, as noted in the caption.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Tana Lin.

Dated this 20th day of June, 2025.

*Theresa L. Fricke* (signature)
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR JULY 7, 2025 - 3